UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. RICHARDS,<br><br>Defendant. | No. 2:18-CR-00039-MCE<br><br><br><br>**ORDER** |

Defendant Mark A. Richards ("Defendant") was originally convicted in this case of advertising child pornography in violation of 18 U.S.C. § 2251(d) for which he received a two hundred and ten (210) month sentence.[1]  He has served approximately 67 months. Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release).  ECF No. 36.  The Government opposes Defendant's request.  ECF No. 42.  For the reasons that follow, his Motion is DENIED.

> Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)).  Through the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837, Congress created a limited exception to this rule by authorizing courts to grant

---

[1] Defendant's guideline range was 210-262 months.  ECF No. 25.

1

compassionate release when "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). As compassionate release derogates from the principle of finality, it is a "narrow" remedy, see Freeman v. United States, 564 U.S. 522, 526 (2011), and the court's disposition of a compassionate release motion "is discretionary, not mandatory," United States v. Jones, 980 F.3d 1098, 1106 (6th Cir. 2020) (citing United States v. Curry, 606 F.3d 323, 330 (6th Cir. 2010)).

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, established significant changes to the procedures for filing a motion for compassionate release. As originally enacted, § 3582(c)(1)(A)(i) vested the Bureau of Prisons with exclusive discretion to file compassionate release motions. Aruda, 993 F.3d at 799. The Department of Justice found in 2013 that this process was marked by delays and mismanagement, and that the Bureau exercised this discretion so "sparingly" that "an average of only 24 imprisoned persons were released each year by BOP motion." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020); United States v. Brooker, 976 F.3d 228, 230–32 (2d Cir. 2020) (observing that out of 208 prisoners approved for compassionate release, 13% died awaiting a final decision by the BOP Director). Accordingly, "Congress amended § 3582(c)(1)(A) to 'remove the Bureau of Prisons from its . . . role as a gatekeeper over compassionate release petitions,'" and to expand the use of the compassionate release process. McCoy, 981 F.3d at 276. Following the passage of the First Step Act, defendants are authorized to directly petition the court for compassionate release after exhausting their administrative remedies within the Bureau of Prisons. Keller, 2 F.4th at 1281.

The First Step Act grants courts the discretion to consider compassionate release motions on an individualized basis. See Brooker, 976 F.3d at 230. As the Sixth Circuit recently observed, the exercise of this discretion is controlled by three substantive considerations. See Jones, 980 F.3d at 1107–08 (citing Dillon v. United States, 560 U.S. 817, 827, 829–30 (2010)). First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Id. at 1107–08 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. at 1108 (quoting 18 U.S.C. § 3582(c)(1)(A)). Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Id. (quoting Dillon, 560 U.S. at 827). Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds. Keller, 2 F.4th at 1284.

> The Sentencing Commission's policy statement located at U.S.S.G. § 1B1.13 governs the analysis of compassionate release motions. This policy requires a court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before granting compassionate release. U.S.S.G. § 1B1.13(2). However, U.S.S.G. § 1B1.13 has not been updated to reflect the passage of the First Step Act. Consequently, in United States v. Aruda, this Court held that the current version of U.S.S.G. § 1B1.13 "is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 802 (quoting 18 U.S.C. § 3582(c)(1)(A)) (alteration in original). Following Aruda, while "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant," they cannot be treated as binding constraints on the court's analysis. 993 F.3d at 802.

United States v. Wright, 46 F.4th 938, 944-46 (9th Cir. 2022) (footnotes omitted).

Defendant contends that his present medical conditions, including end-stage renal disease, which qualifies as a terminal illness, constitute extraordinary and compelling reasons justifying his compassionate release. Indeed, Defendant suffers from a host of physical and mental ailments. However, he also suffered from most of these conditions at the time he was originally sentenced by this Court, and the Court crafted its sentence after consideration of the totality of Defendant's physical and mental state. See Presentence Investigation Report, ECF No. 25, at ¶¶ 51-54. The Court was also aware at sentencing that Defendant's conditions would likely deteriorate over time, especially given the length of Defendant's sentence and his already advanced age.

Moreover, Defendant's conditions are being managed quite well by the Bureau of Prisons ("BOP"). Indeed, Defendant's own evidence indicates that the care he is receiving from the BOP may be better than that which he would receive in a private setting. See Def.'s Mot., Ex. B, ECF No. 36-2, at 2-3. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Weidenhamer, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz.).

Even if Defendant's medical conditions were sufficiently extraordinary and compelling, however, the Court would still decline to release him after reviewing the

factors set forth in 18 U.S.C. § 3553(a).  Pursuant to § 3553(a), the Court considers, among other things:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Defendant's conduct was of the utmost seriousness, as reflected by his original 210-month sentence.  The Court need not rehash the details of the abhorrent files Defendant was advertising.  Suffice it to say that release after serving a small fraction of his sentence would not reflect the true seriousness of his offense.  Nor would such a truncated sentence serve to properly punish this Defendant or to deter similar criminal conduct of this Defendant or any other going forward.

More importantly, however, the Court finds that Defendant remains a danger to the community and that the need to protect the public is paramount here.  Defendant was already subject to a federal investigation several years prior to his arrest in the instant case, but agents were unable to breach the encryption on Defendant's devices.  Despite that close call, Defendant continued to reoffend and to victimize additional children until he was eventually stopped pursuant to his arrest in this case.  He is admittedly very sophisticated when it comes to technology, and Defendant's crimes of choice are of the type that can be and are perpetrated by individuals even in poor health.  Given Defendant's terminal medical diagnoses, he has even less to lose now than he did five years ago, and the Court is not convinced that Defendant will be able to avoid the temptation to reoffend.

Finally, even if the Court were inclined to release Defendant, his release plan is insufficient. The Court can think of no circumstance in which it would release a sex offender to the recognizance of another sex offender still on supervised release. There is also nothing in the record to indicate to the Court that Defendant might be able to receive adequate medical care, let alone care as thorough as that provided through the BOP, if his sentence is reduced.

Ultimately, the Court is not convinced that Defendant's medical conditions are sufficiently extraordinary or compelling or that the § 3553(a) factors, on balance, justify Defendant's early release. Defendant's Motion to Vacate and/or Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), ECF No. 36, is thus DENIED.

IT IS SO ORDERED.

Dated:  September 29, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE